**FILED**
U.S. District Court
District of Kansas

MAY 1 3 2026

Clerk, U.S. District Court
By_____*Cm*_____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>CHARLES E. COLBERT, JR.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL ACTION<br><br>Case No.:25-CR-10148-EFM<br><br>11(c)(1)(C) PETITION TO ENTER PLEA OF<br>GUILTY AND ORDER ENTERING PLEA<br><br>[Federal Rules of Criminal<br>Procedure, Rules 10 and 11] |

The defendant represents to the Court:

(1)    My full true name is Charles E. Colbert, Jr.  I am 26 years of age.  I have gone to school up to and including 12ᵗʰ grade.  I request that all proceedings against me be in my true name.

(2)    I am represented by a lawyer.  Her name is Kari S. Schmidt.  She is a court appointed lawyer and her Kansas Supreme Court License Number is 11524.

(3)    I received a copy of the Indictment (including any superseding Indictment or superseding Information referred to herein as "Indictment") before being called upon to plead.  I read the Indictment and have discussed it with my lawyer.  I fully understand every charge made against me.

(4)    I told my lawyer all the facts and circumstances known to me about the charges made against me in the Indictment.  I believe that my lawyer is fully informed on all such matters.

(5)    I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted.  I represent to the Court that I did the following acts in connection with the charges made against me in Count 2 of the Indictment:

**Count 2**

**On or about April 5, 2025, in the District of Kansas, knowing that I was previously convicted of a crime punishable by a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, to wit: a Glock Model 23, 9mm caliber semiautomatic pistol lower, bearing serial number CABY510 and a Glock Model 19x, 9mm caliber semiautomatic pistol upper with a serial number of CCLC342, with a machine gun conversion device, which was not produced in the State of Kansas and had been shipped and transported in interstate commerce, in violation of 18 U.S.C. §922(g)(1).**

(6)    My lawyer has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case including the consequences

-1-

of filing or not filing a suppression motion and how that decision might impact the Government's willingness to offer me a plea agreement.

(7)    I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY" I know the Constitution guarantees me: (a) the right to a speedy and public trial by a jury; (b) at that trial, and at all stages of the proceedings, the right to the assistance of a lawyer; (c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses; (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and, (e) the right not to be compelled to incriminate myself by taking the witness stand; and if I do not take the witness stand, no inference of guilt may be drawn from such failure. If I plead "NOT GUILTY" I also know that I have the rights outlined above at the sentencing phase of my proceedings and that in addition, the Constitution provides me: (a) a right to have a jury find all facts, including all facts that determine the offense level under the United States Sentencing Guidelines alleged in the Indictment; and, (b) to have a jury find those sentencing factors beyond a reasonable doubt.

(8)    I know that if I plead "GUILTY," and the Judge accepts my plea, except as provided in paragraph (8) of the plea agreement, I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury.

(9)    I know that if I plead "GUILTY," I am waiving my right to appeal the denial of any pretrial motions I may have advanced in my case, unless they have been expressly preserved by a conditional plea agreement approved by the United States and the judge in my case.

(10)    I know that if I plead "GUILTY," I am waiving the right to appeal my conviction or sentence in my case unless they have been expressly preserved by a conditional plea agreement approved by the United States and the judge in my case, or as is excepted in paragraph (11) of the plea agreement.

(11)    I know that if I plead "GUILTY," the Court will ask me questions about the offense(s) to which I have pled, and since I will be answering these questions under oath, on the record, and in the presence of my lawyer, that my answers may later be used against me in a prosecution for perjury or false statement.

(12)    My lawyer informed me that the plea of "GUILTY" on COUNT TWO could subject me to a mandatory minimum sentence of 0 years and a maximum of 15 years imprisonment, a mandatory fine of $0 up to $250,000.00, 3 years supervised release, and a $100 mandatory special assessment.

The defendant further agrees to forfeit property or money to the United States as is set forth in paragraph (9) of the plea agreement in this case.

I have been informed that should the Court find me in violation of the supervised release term, the term could be revoked and the Court could impose an additional term of imprisonment on Count Two of 2 years. I also understand that if I have 3 positive drug tests while on supervised release, I can be returned to prison. I have been informed that the Court may order me to make restitution in compliance

-2-

with 18 U.S.C. § 3663 and §3664 or as a condition of supervision, if such is ordered under 18 U.S.C. §3563, in addition to any other penalty provided by law.  I further understand that because I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(13)   I know that in addition to any other penalty imposed, including any fine or restitution order, the Court is required to impose a special monetary assessment in the amount of $100.00 for each felony count in which the offense occurred after April 24, 1996.  I UNDERSTAND THIS SPECIAL ASSESSMENT MUST BE PAID AT THE TIME OF THE SENTENCING HEARING UNLESS THE COURT DIRECTS OTHERWISE.

(14)   I understand that if my case involves drug trafficking or drug possession: A) if I am currently on bond, the Court may revoke my bond and order me to into immediate incarceration at the time of my plea hearing; B) the Court may deny or suspend my eligibility to receive certain federal benefits pursuant to 21 U.S.C. §862, except for those specifically exempted.  I understand that if this is my second or subsequent conviction for possession of a controlled substance, the Court may order me to complete drug treatment or community service as specified in the sentence as a condition for reinstatement of benefits.

(15)   I understand that by pleading guilty, some of my civil liberties may be restricted including the right to vote, the right to serve on a jury, the right to possess a firearm or ammunition, and the right to hold public office.

(16)   I know that the Court may also order, in addition to the penalty imposed, that I give reasonable notice and explanation of the conviction, in such form as the court may approve, to the victims of the offense.

(17)   I am a United States citizen.

(18)   If I am on probation or parole in this or any other Court, I know that by pleading guilty here, my probation or parole may be revoked and I may be required to serve time in that case, which will be consecutive, that is, in addition to any sentence imposed on me in this case.

(19)   I declare that no officer or agent of any branch of government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY," except as follows:

My attorney did discuss how the United States Sentencing Guidelines may or may not apply in my case. If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that person had no authority to do so.

I know that under the rules of my plea agreement with the government, the judge may accept my plea and sentence me to 120-168 months of imprisonment, or the judge may reject the plea agreement and

set this matter for trial. The decision to accept or reject the plea is solely within the judge's control.

If the judge rejects my plea and I either plead differently or am convicted by a jury, any sentence I will receive is solely a matter within the control of the Judge. I understand that there is no limitation on the information the judge can consider at the time of sentencing concerning my background, character, and conduct, provided the information is reliable, 18 U.S.C. §3661. I understand that if the judge rejects my plea herein, I am subject to sentencing under the Sentencing Reform Act and the Sentencing Guidelines issued by the United States Sentencing Commission, which establishes a sentencing guideline range. The Judge may select a sentence from within the guideline range or may depart from the guidelines and impose a sentence either above or below the recommended guideline range. In determining the guideline range, whether to depart, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted and take into account background characteristics, unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of responsibility for the offense, may have a specific effect on the sentence.

I further understand that if I am subject to sentencing by or serving any other sentence, federal or state, the judge in this case may impose my sentence to run consecutive to any other sentence.

I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of "GUILTY."

(20)    I understand that a U.S. Probation Officer will be assigned to conduct a thorough pre-sentence investigation to develop all relevant facts concerning my case unless the court finds that there is in the record sufficient information to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. §3553. The report of the pre-sentence investigation shall contain the factors set forth in Rule 32. These include the recommended classification of the offense and of the defendant under the categories established by the Sentencing Commission, the kinds of sentences available to the Court, and the sentencing range the officer recommends. The report shall include the history and characteristics of the defendant and such other information required by the court recognizing the factors set forth in paragraph (19) above.

(21)    My plea of "GUILTY" is the result of a plea agreement entered into between the Government attorney, my attorney, and me.

Since my plea of "GUILTY" is the result of a plea agreement, I hereby state that the terms of said agreement are as follows:

See attached Plea Agreement.

I fully understand that the court is not bound by the terms of the plea agreement, and may accept or reject it. If the Court rejects the agreements, I also understand the court will give me the opportunity to withdraw my plea of guilty, if the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)( C).

(22)   I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP SHE HAS GIVEN ME.

(23)   I know that the Court will not permit anyone to plead "GUILTY" who maintains he or she is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY" and respectfully request the Court to accept my plea of "GUILTY" and to have the Clerk enter my plea of "GUILTY" as follows:

**GUILTY TO COUNT TWO OF THE INDICTMENT CHARGED PURSUANT TO 18 U.S.C. §922(g)(1).**

(24)   My mind is clear, I am not under the influence of alcohol or drugs, and I am currently under a doctor's care. The only drugs, medicines or pills that I took within the past seven (7) days are:

NONE

(25)   I have never been confined in any institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician, or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offense(s), or at the present time, should be questioned. (If there are any exceptions to the above statement, explain below.)

NONE.

(26)   I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of "GUILTY" is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment and in this petition, and in the certificate of my attorney which is attached to this petition.

(27)   I waive the reading of the Indictment in open court, and I request the Court to enter my plea of "GUILTY" as set forth in paragraph (23) of this petition.

(28)   I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and Sworn to by me in open court, in the presence of my attorney, this __13th__ day of __May__, 2026.

_Charles Colbert Jr_
Charles E. Colbert, Jr., Defendant

-6-

Subscribed and Sworn to before me this _13th_ day of _May_____, 2026.

_____Cindy M Kee_____
(Deputy Clerk)

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for the defendant, Charles E. Colbert, Jr., hereby certifies:

(1)    I have read and fully explained to the defendant the allegations contained in the Indictment in this case.

(2)    To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

(3)    I explained the maximum penalty for each count to the defendant.

(4)    The plea of "GUILTY" offered by the defendant in paragraph (23) accords with my understanding of the facts the defendant related to me and is consistent with my advice to the defendant.

(5)    In my opinion, the defendant's waiver of reading of the Indictment or Superseding Information in open court as provided by Rule 10 is voluntarily and understandingly made, and I recommend to the Court that it accept the waiver.

(6)    In my opinion, the plea of "GUILTY" offered by the defendant in paragraph (23) of the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY."

(7)    I have made no predictions or promises to the defendant concerning any sentence the Court may award and I have discussed with my client how the United States Sentencing Guidelines may apply in this case.

(8)    I further represent to the Court that the defendant's plea of "GUILTY" is the result of a plea agreement the terms of which are set out in paragraph (21) of the petition. I have informed the defendant that if the Court accepts the agreement, it is bound by the terms of the agreement, and that if the court rejects the agreement the Court will give the defendant the opportunity to withdraw the plea of "GUILTY," unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)(C).

Signed by me in open court in the presence of the defendant above named and after full discussion of the contents of this certificate with the defendant, this 13th day of May, 2026.

KARI S. SCHMIDT, Sup. Ct. No. 11524
Attorney for Defendant

## ORDER

I find that defendant's plea of guilty was made freely, voluntarily, and because he/she is guilty as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime charged and is mentally competent.

Pursuant to Fed. R. Crim. P. 11, advisory U.S.S.G. 6B1.1, I provisionally accept defendant's guilty plea, but defer my decision whether to accept or reject the plea agreement pending my subsequent review of the presentence report to ensure that the plea agreement does not frustrate the sentencing objectives I am required by law to consider. Should I reject the plea agreement, then in that event and pursuant to the terms thereof, the defendant will be given an unfettered right to withdraw his plea.

Done in open court this 13th day of May , 2026.

_____
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE